## Laurel Grocery Co. v. Myers Bros.

(Decided Jan. 28, 1936.)

H. C. CLAY and HOMER C. CLAY for appellant.

J. B. WALL for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

This is a suit by the appellants to recover $532 of appellees for groceries sold Jones Bros., a partnership.

A portion of a road construction contract had been sublet by appellees to Tony Jones, one of the partners, but on April 1, 1933, the appellant was compelled to complete the job under agreement. See Myers Brothers v. Jones, 258 Ky. 326, 79 S. W. (2d) 961. While Tony Jones was performing his contract, he and his brother, J. S. Jones, conducted a boarding house and commissary for the laborers. During that period the appellant sold them groceries. Not having paid the bill, this suit was brought against Jones Bros. and Myers Bros.; the latters' liability being rested upon the allegation that, as a part of the consideration for taking back the sub-contract, they had agreed to pay the bills of Jones Bros. for labor and material that went into the construction, and, since the groceries had been furnished to the laborers in payment for their labor, the sums due the wholesale house came within the agreement. Myers Bros. denied all liability. The jury found for the defendants.

It is argued the verdict is flagrantly against the evidence. Complaint is made that it was error to permit defendants to introduce what they claimed to be the written contract which they had with Tony Jones covering the assumption of his original contract. That writing showed Myers Bros. agreed only to satisfy Tony Jones' liabilities arising from the work he had done out of money due him therefor. It is also argued that it was error to permit Myers Bros. to prove that, on account of having had to assume the job, they had had to pay $2,500 more than they owed Jones.

The defendant had the right to show there was a different contract with Jones than that set up by the petition without having pleaded it. Damron v. Steward & Weir, 253 Ky. 394, 69 S. W. (2d) 685. It would seem sufficient to say that the court should have given a peremptory instruction for the defendants. If the contract was as the plaintiffs maintained, then the action was brought to charge the defendants upon a verbal promise to answer for the debt of another, which cannot be sustained under the statute of frauds. Section 470, Kentucky Statutes. If the contract was that which the defendants proved, then there was no liabil-

ity upon them, for they agreed only to pay out of money then due Tony Jones by them the claims due him for labor and material used in the job. This obviously was not of that class, and, moreover, they had greatly exceeded their assumed responsibility.

The judgment is affirmed.